IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELISSA JO YOUNG,                                    Case No. 1:15-cv-01688-MA

                           Plaintiff,                OPINION AND ORDER

        v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                           Defendant.

TIM D. WILBORN
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137

        Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
District of Oregon
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

JOHN C. LAMONT
Social Security Administration
Office of the General Counsel - Region X
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

        Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Melissa Jo Young seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, I reverse the Commissioner's final decision and remand for an immediate calculation and award of benefits.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff protectively filed an application for SSI on April 30, 2006, alleging disability beginning December 1, 2000, due to post-traumatic stress disorder ("PTSD"), hepatitis C, and pain in her foot, back, and head, and difficulty balancing. Plaintiff's application was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing, and on April 25, 2008, issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed to the District Court of Oregon. On September 13, 2013, based on a stipulation by the parties, the court entered an order reversing and remanding the case to the Commissioner for further administrative proceedings. Transcript of Record ("Tr.") at 398, ECF No. 9.

On April 22, 2014, the ALJ held a second hearing at which Plaintiff appeared with her attorney and testified. Vocational expert Frank Lucas also appeared and testified. On July 7, 2014, the ALJ issued a decision finding that Plaintiff is disabled, but that alcoholism is a contributing factor material to the disability determination, and thus concluded Plaintiff is not entitled to disability benefits. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's July 7, 2014 decision became the final decision of the Commissioner.

2 - OPINION AND ORDER

Born in 1972, Plaintiff was 33 years old on the date her SSI application was filed, and 42 years old at the time of the ALJ's 2014 decision. Plaintiff attended high school through the tenth grade and later obtained a GED. Plaintiff has past relevant work as a cashier, and has worked as a hotel maid.

## THE ALJ'S DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner to show that the claimant can do other work that exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

However, "[a] finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). "Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits 'if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (quoting 42 U.S.C. § 423(d)(2)(C)). Under SAA regulations, the ALJ must conduct a drug abuse and alcoholism analysis ("DAA") to determine which of the claimant's disabling limitations would remain if the claimant

stopped using drugs or alcohol. *Id.* at 747 (citing 20 C.F.R. § 404.1535(b)). If a claimant's remaining limitations are still disabling, the claimant's drug addiction or alcoholism is not a contributing factor material to her disability. *Id.* Conversely, if the claimant's remaining limitations are not disabling, the claimant's substance abuse is material and benefits must be denied. *Id.*

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 3, 2006, the application date. At step two, the ALJ found that Plaintiff has the following severe impairments: hepatitis C, left foot fracture status post open reduction internal fixation, alcohol abuse, personality disorder, PTSD with dissociative symptoms versus dissociative disorder, panic disorder, cognitive disorder NOS, cannabis use disorder, borderline intellectual functioning, and major depressive disorder. At step three, the ALJ found that Plaintiff's impairments, including the substance use disorders, meet Listings 12.06 and 12.09. 20 C.F.R. Part 404, subpart P, App. 1. Consistent with 20 C.F.R. § 416.935 the ALJ then applied the sequential evaluation a second time without consideration of Plaintiff's substance abuse.

The ALJ found that if Plaintiff stopped the substance abuse, her remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities, and Plaintiff would continue to have a severe impairment or combination of impairments. The ALJ found that if Plaintiff stopped the substance abuse, Plaintiff's impairments or combination of impairments would not meet or medically equal any listed impairment.

The ALJ further found that if the substance abuse stopped, Plaintiff would have the residual functional capacity ("RFC") to perform a modified level of light work. Tr. at 340-41. The ALJ found that if the substance abuse stopped, Plaintiff is unable to perform any past relevant work. The ALJ concluded that in the absence of substance use, that considering Plaintiff's age, education, work

4 - OPINION AND ORDER

experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform, such as cleaner/polisher, sorter of laundry articles, and marketing clerk. Accordingly, the ALJ concluded that the substance use disorder is a contributing factor material to the determination of disability and therefore Plaintiff is not entitled to disability benefits.

## ISSUES ON REVIEW

Plaintiff contends that the ALJ erred in the following respects: (1) the ALJ's materiality determination is not supported by substantial evidence and relies upon an improper evaluation of the medical opinions of examining psychologists Thomas Brent Shields, Ph.D. and Grant C. Rawlins, Ph.D.; (2) the ALJ erroneously applied the materiality analysis at step three because she meets Listing 12.06 or equals Listing 12.05C; (3) the ALJ erroneously evaluated the lay testimony and Plaintiff's testimony; and (4) the ALJ's step five determination is erroneous. The Commissioner contends that Plaintiff has not met her burden of demonstrating that her alcoholism is not material to the disability determination, that the ALJ did not err, or alternatively, that Plaintiff has not demonstrated harmful error.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

5 - OPINION AND ORDER

The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## DISCUSSION

I.    **The ALJ Erred in Evaluating the Medical Opinions When Conducting the Drug and Alcohol Analysis**

A.    *Relevant Medical Opinions*

In this case, four consultative psychodiagnostic examinations conducted by three psychologists are at issue: (1) one by Thomas Brent Shields, Ph.D., on June 19, 2006; (2) two by Grant C. Rawlins, Ph.D., on August 23, 2006 and October 4, 2007; and (3) one by Gregory A. Cole, Ph.D., on April 10, 2014. In his 2006 psychodiagnostic evaluation, Dr. Shields diagnosed Plaintiff with Post Traumatic Stress Disorder ("PTSD"), Major Depressive Disorder, Rule Out Alcohol-Induced Mood Disorder, Alcohol Abuse, Dissociative Disorder, NOS. Tr. 244. Dr. Shields indicated that Plaintiff is "hyper-vigilant, guarded, suspicious, and very sensitive to perceived interpersonal slights." Tr. 244. Dr. Shields opined that Plaintiff could not "sustain concentration, persistence and pace at the work place" for eight hours a day, five days a week, and needs chemical dependency treatment for her alcohol abuse. Tr. 244. Dr. Shields opined that Plaintiff's depression and alcohol abuse are associated features of her PTSD, but nevertheless are severe enough to list as separate diagnoses. *Id.*

In his 2006 psychodiagnostic evaluation, Dr. Rawlins diagnosed Plaintiff with Panic Disorder with Agoraphobia, Dysthymic Disorder, chronic PTSD, and Cognitive Disorder. Dr. Rawlins opined that Plaintiff's psychological problems are chronic and unlikely to improve. Tr. 290. In a 2006 Mental Residual Functional Capacity assessment, Dr. Rawlins indicated that Plaintiff is markedly limited in social functioning and maintaining concentration, persistence and pace. Tr. 293. In his 2007 psychodiagnostic report, Dr. Rawlins diagnosed chronic PTSD, Panic Disorder with Agoraphobia, and Cognitive Disorder, NOS. Tr. 499. Dr. Rawlins opined that Plaintiff has marked limitations in her activities of daily living, social functioning, and concentration, persistence and pace, and that Plaintiff has functioned at this level for several years, improvement will be slow, and that she will be disabled in excess of one year. Tr. 500. Dr. Rawlins indicated that no drug or alcohol impact was reported or observed. Tr. 500.

In his 2014 neuropsychological consultation, Dr. Cole diagnosed Plaintiff with Depressive Disorder, PTSD with dissociative symptoms, Cannabis Use Disorder - Mild, Borderline Intellectual Functioning, and a Rule Out Unspecified Personality Disorder. Dr. Cole opined that Plaintiff would benefit from psychological services and substance abuse treatment services. Tr. 509. In his 2014 Medical Source Statement, Dr. Cole opined that Plaintiff suffered moderate limitations in her abilities to understand, remember, and carry out complex instructions, and moderate limitations in her ability to interact appropriately with the public, co-workers, and supervisors. Tr. 511.

B.    *Plaintiff's Arguments*

Plaintiff contends that the ALJ's DAA materiality analysis when conducting the sequential evaluation the second time is not supported by substantial evidence. Plaintiff's specific arguments within this issue are not readily discerned. Plaintiff appears to be making two distinct arguments:

(1) that the ALJ erred in undertaking the DAA analysis in the first instance because the ALJ did not identify evidence from an acceptable medical source that shows Plaintiff suffers from a substance use disorder during the relevant period of alleged disability; and (2) the ALJ improperly analyzed the medical opinions of Drs. Rawlins, Shields, and Cole to conclude that Plaintiff does not meet or equal Listings 12.06 or 12.05C when the effects of her alcoholism are not considered.

*1.     The ALJ's determination to undertake a DAA materiality analysis is supported by substantial evidence*

In Plaintiff's first argument, she contends that no physician has diagnosed alcoholism since August 2006, citing Social Security Ruling ("SSR") 13-2p. SSR 13-2p, *available at* 2013 WL 621536 (Feb. 20, 2013). SSR 13-2p governs the evaluation of cases involving drug addiction or alcoholism. Section Three of that Ruling provides in relevant part:

> a. Under the Act and our regulations, we make a DAA materiality determination only when:
>
> > i.      We have medical evidence from an acceptable medical source establishing that a claimant as a Substance Use Disorder, and
> >
> > ii.     We find that the claimant is disabled considering all impairments, including the DAA.

*Id.* at *4. In her Reply, Plaintiff highlights that Dr. Rawlins examined Plaintiff in August and October of 2006 and did not diagnose a substance use disorder, and Dr. Cole examined Plaintiff in April 2014 and also did not diagnose substance use disorder. According to Plaintiff, because there is not an ongoing substance use disorder diagnosis in the record, ALJ failed to comport with SSR 13-2p(3), and the ALJ's determination to apply the DAA analysis is not supported by substantial evidence. Plaintiff's first argument is without merit.

The ALJ identified numerous pieces of evidence that demonstrate Plaintiff suffers from a substance use disorder within the relevant period under consideration. As noted above, in his June 19, 2006 evaluation, Dr. Shields diagnosed Plaintiff with Alcohol Abuse, along with other diagnoses. Tr. 244. Plaintiff's former primary care physician Eric Perry, M.D., advised Plaintiff to abstain from drinking on multiple occasions beginning in October 3, 2003. Tr. 222. Dr. Perry diagnosed continuous alcohol abuse in June 2004, and recommended treatment for alcoholism in December 2004. Tr. 218, 214. As the ALJ discussed at length, Plaintiff presented to the emergency room on multiple occasions for problems relating to alcohol. Tr. 336; *See e.g.,* Tr. 170 (May 15, 2005 ER treatment record noting Plaintiff "grossly inebrieated"); Tr. 181 (December 31, 2004 ER treatment record noting "she has been here many times with acute alcohol intoxication"); Tr. 197 (July 30, 2004 ER treatment record noting "[d]oes smell of alcohol," diagnosing alcohol abuse, and at "risk for withdrawal"). The ALJ's finding that there is medical evidence of substance abuse by acceptable medical sources is wholly supported by substantial evidence in the record.

Moreover, considering the record as a whole supports the ALJ's determination to apply the DAA analysis. When this case was remanded from the District Court in 2008, the parties *stipulated* to the fact that the ALJ would undertake a DAA analysis on remand. *See* Tr. 398 (remand order providing "[i]f the Claimant is found disabled, the ALJ will determine the materiality of Claimant's alcoholism."). To be sure, the Appeals Council required the ALJ to "[c]onduct further proceedings to determine whether alcoholism is a contributing factor material to the finding of disability." Tr. 415. And, in a May 22, 2006 Alcohol and Drug Use Questionnaire, even Plaintiff described her drinking as excessive. Tr. 136. Finally, when establishing care with Nurse Practitioner Shannon Suhr in February 2014, Plaintiff admitted that she is alcoholic. Tr. 531-32. The record is replete

with references to Plaintiff's alcoholism and provides ample "medical evidence of drug addiction or alcoholism" that supports the ALJ's finding of a substance use disorder and the ALJ's decision to conduct a materiality analysis. *See* 20 C.F.R. § 416.935; *Bustamonte,* 262 F.3d at 954; *Parr v. Comm'r Soc. Sec. Admin.*, 1:15-cv-314, 2016 WL 4064044, *8 (S.D. Ohio July 29, 2016). Plaintiff's arguments to the contrary are rejected.[1]

> 2.   *The ALJ's DAA materiality determination at step three is not supported by substantial evidence*
>
> a.   *standards*

Where the ALJ has determined that a claimant is disabled considering all of her impairments, including DAA, the ALJ must then undertake a second sequential evaluation to determine whether DAA is a contributing factor material to the disability determination. 20 C.F.R. § 416.935(b). The "materiality" determination involves a process separating out the effects of the substance use and its impact on any other impairments, physical or mental. *Bustamonte,* 262 F.3d at 955; 20 C.F.R. § 416.927(f)(2)(iii). The ALJ reviews the medical evidence and, if necessary, consults with a medical expert, in determining what limitations, if any, would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.927(f)(2)(iii).

SSR 13-2p(7) governs the analysis of DAA in a case involving co-occurring mental disorders. *Hoban v. Colvin*, 3:15-cv-01786-HZ,  2016 WL 4059200, *6 (D. Or. July 27, 2016); *Parr*, 2016 WL 4064044 at * 9.  SSR 13-2p(7) provides in pertinent part:

---

[1] Plaintiff's suggestion that the ALJ erred by failing to identify a medical source who has determined that Plaintiff's alcoholism is material to her disability, is also without merit. *See* Pl. Reply Br. at 2-3, ECF No. 18. SSR 13-2p specifies that the ALJ, not a medical source, will make the materiality determination at the ALJ hearing stage. SSR 13-2p(13), *available at* 2013 WL 621536 at *14.

a.  Many people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol.

b.  to support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA. Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder.

. . . .

d.  We will find that DAA is not material . . . to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA.

SSR 13-2p(7), *available at* 2013 WL 621536, at *9.

Pursuant to SSR 13-2p(9), periods of abstinence may be considered evidence of whether DAA is material in cases involving co-occurring mental disorders, so long as the "claimant is abstinent long enough to allow the acute effects of drugs or alcohol abuse to abate." *See* SSR 13-2p(9), 2013 WL 621536, at *12; *Parr*, 2016 WL 4064044, at * 9. When an ALJ is considering a period of abstinence with co-occurring mental disorders, the documentation should include information about what impairment related limitations remained after the acute effects abated, and the length of the abstinence and under what circumstances the abstinence occurred, such as hospitalization or treatment setting. SSR 13-2p(9); *Hoban*, 2016 Wl 4059200 at *6. To find DAA material, there must be evidence demonstrating that any remaining limitations were not disabling during the period. SSR 13-2p(9)(b), 2013 WL 621536, at *12. If the evidence in the case record does not demonstrate the separate effects of the treatment for DAA and for the co-occurring mental

disorders, the ALJ must find that DAA is not material. SSR 13-2p(9)(d)(ii), 2013 WL 621536, at *12.

        *b.*    *analysis*

Plaintiff contends that the ALJ erroneously evaluated medical opinions when assessing whether her substance abuse is a contributing factor material to the disability determination. Plaintiff argues that the ALJ erred in crediting Dr. Cole's opinion over Dr. Rawlins' opinions at step three of the materiality analysis. Plaintiff argues that the ALJ's reasoning is neither specific nor legitimate, and that when Drs. Rawlins's 2006 and 2007 opinions are properly considered, her alcoholism is not material and she continues to meet Listing 12.06. The Commissioner argues that Plaintiff failed to meet her burden of demonstrating that her alcohol abuse was not material and that the ALJ properly considered the medical opinions and lay testimony. Plaintiff is correct.

In order to satisfy Listing 12.06 (anxiety disorders), the claimant must satisfy the criteria in Paragraph A and B, or A and C. *See* 20 C.F.R. pt. 404 Subpt. P, App. 1, § 12.06; *Frost v. Barnhart*, 314 F.3d 359, 367-68 (9th Cir. 2002). During the ALJ's initial application of the sequential evaluation, the ALJ found Plaintiff disabled at step three because she meets Listing 12.06 when considering her PTSD and alcoholism. As the ALJ explained, Plaintiff satisfies the "Paragraph A" criteria because she "has recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress," attributing this to domestic abuse suffered by Plaintiff over a six year period. Tr. 337. The ALJ also found that Plaintiff satisfies the "Paragraph B" criteria of Listing 12.06 because she is markedly limited in all four areas of functioning, *i.e.,* activities of daily living, social functioning, concentration, persistence and pace, and she experiences episodes of decompensation. Tr. 337. In doing so, the ALJ relied on the evaluation of Dr. Shields.

12 - OPINION AND ORDER

When conducting the DAA materiality analysis at step three, the ALJ determined that Plaintiff would not meet or equal Listings 12.02 (organic mental disorders), 12.05 (mental retardation), 12.06 (anxiety related disorders) or 12.08 (personality disorders) if she stopped the substance abuse. *See* 20 C.F.R. pt. 404, subpt. P, app.1. The ALJ found that Plaintiff would not meet any of the Section 12.00 Listings because she cannot establish marked limitations in at least two of the four Paragraph B criteria.

Thus, the critical inquiry is whether the ALJ's findings that Plaintiff's Paragraph B limitations due to her PTSD would improve from "marked" to "moderate" in the absence of substance use is supported by substantial evidence. *See Cage v. Comm'r Soc. Sec. Admin.*, 692 F.3d 118, 126 (2d Cir. 2012) (affirming ALJ's decision that claimant met Listing 12.04 when considering substance use, but would no longer qualify as disabled under the listing absent substance abuse). In my review of the record, I conclude that these findings are not supported by substantial evidence, particularly when evaluating the entire eight-year period at issue.

In finding that Plaintiff's Paragraph B limitations would improve from marked to moderate, the ALJ cited Dr. Cole's 2014 evaluation.[2] Tr. 339, 501. The ALJ did not discuss how much weight

---

[2] Specifically, the ALJ found that if the substance abuse stopped, Plaintiff would have "moderate restriction in activities of daily living." Tr. 339. The ALJ noted that at times Plaintiff was not abusing alcohol, she was able to perform grooming and hygiene chores adequately and household chores such as washing the dishes and sweeping the floor. The ALJ likewise determined that if Plaintiff stopped abusing alcohol, she would have moderate difficulties with social functioning. The ALJ found that during a "time of substance use cessation," Plaintiff was described as cooperative and engaged with good eye contact, but that she would still require superficial contact with coworkers and the public. Tr. 339, 249, 261. Also, the ALJ found that Plaintiff would have moderate difficulties with concentration, persistence and pace if her substance abuse stopped. Tr. 339. The ALJ noted that Plaintiff was able to organize her thought processing and content, but that her concentration made her only a fair historian. The ALJ found that if Plaintiff stopped the substance abuse, she would experience no episodes of decompensation. Tr. 339.

13 - OPINION AND ORDER

was given to Dr. Cole's evaluation at step three of the materiality analysis, but assigned it "significant weight" when fashioning Plaintiff's RFC. Tr. 345. In Dr. Cole's April 2014 evaluation, he conducted a variety of tests, reviewed reports from Drs. Shields and Rawlins, and interviewed Plaintiff. During Dr. Cole's examination, Plaintiff reported that she last drank alcohol two weeks earlier and drank three times in the previous month (two beers each time), and that from 2006 to 2010, she drank extensively on a daily basis. Tr. 502. During testing, Dr. Cole found no evidence of poor effort or inconsistency. Tr. 504. Dr. Cole diagnosed Plaintiff with Unspecified Depressive Disorder; PTSD, with dissociative symptoms; Cannabis Use Disorder-Mild; Borderline Intellectual Functioning; and a Rule/Out Unspecified Personality Disorder. Tr. 508. In a Medical Source Statement, Dr. Cole indicated that Plaintiff had moderate difficulties with understanding, remembering, and carrying out complex instructions, and moderate difficulties interacting appropriately with the public, supervisors, and co-workers. Tr. 510-11.

In the decision, the ALJ gave Dr. Cole's opinion significant weight because Dr. Cole saw and actually tested Plaintiff, and because the opinion was consistent with Plaintiff's testimony about a "reduction in alcohol use that coincided with an increase in her functioning." Tr. 345. The ALJ discussed that Dr. Cole indicated that Plaintiff can sustain simple routine tasks, and that Plaintiff's attention and concentration are only mildly impaired based on his testing and observation. The ALJ found that Plaintiff's daily activities are quite normal when she is not abusing alcohol, and discussed that Plaintiff described to Dr. Cole that her hygiene is adequate, she washes dishes, sweeps, does laundry, prepares meals, and is able to take the bus. Tr. 343.

Yet, the ALJ did not explain why Dr. Cole's observations and testing are credible, yet the testing and observations by Drs. Rawlins and Shields are not. Both Drs. Rawlins and Shields met

14 - OPINION AND ORDER

with Plaintiff and conducted their own independent testing, and both opined that Plaintiff is disabled with severe limitations due to her mental impairments, including chronic PTSD. Thus, without a more thorough explanation, I cannot conclude that the ALJ's reasoning is specific and legitimate and supported by substantial evidence. *See Garrison*, 759 F.3d at 1012-13 (noting an ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without explanation another medical opinion is more persuasive). Likewise, the ALJ credited Dr. Cole's opinion because it was rendered during an apparent period of sobriety, yet discounted Dr. Rawlins' opinions despite noting his 2006 and 2007 opinions were rendered during periods of sobriety. *Compare* Tr. 339 *with* Tr. 342-43. The ALJ's reasoning in the context of the record as a whole fails.

The ALJ did not discuss Dr. Rawlins' opinions at step three of the materiality analysis, but instead gave them "some weight" when assessing Plaintiff's RFC. The ALJ discounted Dr. Rawlins' opinions for two reasons: (1) the inconsistency between Plaintiff's activities of daily living ("ADL's") and the "minimal findings" described in Dr. Rawlins' opinions; and (2) Dr. Rawlins' failure to diagnose alcohol abuse or identify alcohol abuse as a potential source of Plaintiff's cognitive disorder.

In the decision, the ALJ found that Plaintiff was "very functional" citing Dr. Rawlins' description in his 2006 evaluation of Plaintiff's ADL's, noting that she is able to take care of herself, and is able to perform housekeeping, cooking, gardening, shopping, and is capable of using public transportation. Tr. 342. Although the ALJ's recitation of Plaintiff's ADL's is accurate, the ALJ's finding that Plaintiff was "very functional" severely mischaracterizes Dr. Rawlins' 2006 report when read in its entirety. Tr. 342.

For example, Dr. Rawlins noted that Plaintiff reported panic attacks three to five times a week, and frequent paranoid ideation. Tr. 284. Dr. Rawlins indicated that Plaintiff suffers from daily intrusive thoughts, with irritability, paranoia, difficulty concentrating, hypervigilence and exaggerated startle response. Tr. 284. Dr. Rawlins noted that Plaintiff's responses on testing indicated concern about her "mental functioning" and suggest low self-esteem, feelings of personal weakness, and confusion. Tr. 288. When assessing Plaintiff's 2006 functioning, Dr. Rawlins indicated that Plaintiff's paranoid personality disorder and PTSD result in "significant difficulty with concentration and persistence in social settings" and that this would impact her ability to work with supervisors, coworkers and the public, and that she would have difficulty with changes in the work setting. Dr. Rawlins diagnosed Dysthymic Disorder; Panic Disorder with Agoraphobia; PTSD, Chronic; and Cognitive Disorder NOS; and assigned a GAF of 40. Tr. 290. Dr. Rawlins opined that Plaintiff would be unlikely to improve in the next year and suggested evaluation by a psychiatrist. Tr. 290. Thus, the alleged inconsistency between Plaintiff's ADL's and Dr. Rawlins' assessed limitations is not supported by substantial evidence when Dr. Rawlins' 2006 opinion is considered as whole. Therefore, the ALJ's first reason for discounting Dr. Rawlins' 2006 opinion is neither a specific nor legitimate. *Garrison*, 759 F.3d at 1014 (finding ALJ erred where physician's report is "completely misunderstood").

The Commissioner argues that the ALJ appropriately discounted Dr. Rawlins' opinions because he did not diagnose alcoholism or substance abuse, which undermines his opinions. I disagree. Here, as the ALJ noted, Plaintiff was apparently abstinent at the time of Rawlins' 2006 evaluation. Tr. 342. The Commissioner appears to suggest that Plaintiff under-reported her alcohol consumption or its impact, and therefore the ALJ properly discounted Dr. Rawlins' opinions. An

16 - OPINION AND ORDER

ALJ may discount a physician's opinion based on a claimant's subjective reporting that the ALJ determines is not credible. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) (noting a medical opinion which is "premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted"). However, the ALJ did not discredit Plaintiff on this basis. Additionally, during the 2006 evaluation, Plaintiff reported to Dr. Rawlins that she was arrested for driving under the influence in 2002 and that her drinking had increased over the past two years. Tr. 283. Thus, even if Dr. Rawlins was not aware of the level of Plaintiff's alcohol consumption, he clearly knew she had a history of alcohol abuse. Moreover, Dr. Cole similarly failed to diagnose alcohol abuse, yet the ALJ accorded that opinion significant weight. Thus, the ALJ has failed to sufficiently explain why Dr. Rawlins' failure to diagnose alcohol abuse renders his opinions concerning her other mental health diagnoses unreliable. *See Hoban,* 2016 WL 4059200 at *11 n.3.

Furthermore, on November 2, 2006, Dr. Rawlins completed a Mental Residual Functional Capacity Assessment ("MRFC") in which he indicated that Plaintiff has marked limitations in the areas of social functioning and maintaining concentration, persistence and pace. Tr. 292-93. Importantly, the MRFC instructed Dr. Rawlins not to include any limitations resulting from alcoholism or drug abuse. Tr. 291. The ALJ omitted any discussion of Dr. Rawlins' 2006 MRFC, providing no reasons whatsoever for discounting this piece of evidence. Therefore, the ALJ's failure to address this significant, probative evidence is error. *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (ALJ must explain why significant probative evidence has been rejected).

The ALJ discounted Dr. Rawlins' 2007 opinion on similar grounds. Tr. 342. Dr. Rawlins noted that Plaintiff denied significant alcohol or drug use. Tr. 496. Dr. Rawlins opined that Plaintiff still experiences panic attacks and anxiety, and indicated that Plaintiff's prior paranoid ideation is clearly associated with her PTSD. Tr. 497. Dr. Rawlins stated that Plaintiff reported having nightmares about the domestic violence several times each week. On testing, Dr. Rawlins found that Plaintiff's immediate memory was adequate, her intermediate memory was slightly impaired, and her remote memory was minimally adequate. Tr. 498. Dr. Rawlins noted that Plaintiff's concentration was adequate in that she could spell rocket forward and backward and perform serial sevens correctly through five operations. However, Dr. Rawlins found that Plaintiff is "not capable of behaving appropriately on a consistent basis due to her symptoms of PTSD, panic attacks and Agoraphobia." Tr. 498. Dr. Rawlins diagnosed PTSD, chronic; Panic Disorder with Agoraphobia; and Cogntive Disorder NOS and assigned a GAF of 40. In a Functional Assessment, Dr. Rawlins opined that Plaintiff has marked impairments in ADL's, social functioning, and concentration, persistence and pace, and noted that there was no impact from drug or alcohol abuse. Tr. 500. Dr. Rawlins opined that Plaintiff's PTSD and Panic Disorder are at "approximately the same intensity as when last interviewed" and that he expected she would be disabled for in excess of one year. Tr. 500. The ALJ determined that Dr. Rawlins' report demonstrated that when Plaintiff was not using alcohol, there are "minimal findings" of impairment. Tr. 343.

Again, the ALJ inaccurately characterizes Dr. Rawlins' findings as "minimal." And, when Dr. Rawlins' opinions are viewed as a whole, they clearly demonstrate that even when alcohol is not considered, her PTSD and other mental limitations remain disabling.

18 - OPINION AND ORDER

This case demonstrates the difficulty in disentangling a claimant's substance abuse from a co-occuring mental disorder, especially where there are limited or no periods of abstinence. *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003) ("[W]hen the claimant is actively abusing alcohol or drugs, [the DAA] determination will necessarily be hypothetical and therefore more difficult than the same task when the claimant has stopped."). Examining the longitudinal record, it reflects that Plaintiff has been drinking to the point of intoxication at least three times a week throughout the entire period under review – 2006 to 2014  – with only brief periods of cessation. Also, it appears that at some point after 2010, Plaintiff decreased the amount of alcohol she consumes each time she is drinking, as evidenced by her self-reported, one-month cessation in April 2014 and the lack of emergency room visits for acute intoxication. I recognize that Plaintiff's functioning appeared to marginally improve in Dr. Cole's report. However, Dr. Cole's 2014 evaluation was conducted eight years after Dr. Shields' 2006 evaluation and seven years after Dr. Rawlins' 2007 evaluation. I conclude that a one month of self-reported drinking cessation occurring near the end of the eight year evaluation period is not a sufficient basis upon which to reliably conclude that Plaintiff's co-occurring PTSD would have improved to the point of non-disability in 2006 absent her alcohol use. The ALJ did not provide specific and legitimate reasons backed by substantial evidence for discounting Dr. Rawlins' opinions. *See Garrison*, 759 F.3d at 1012.

Therefore, I conclude that the ALJ erred in concluding that Plaintiff's co-occurring mental disorders would improve from marked to moderate in the absence of her alcohol abuse.

Accordingly, the ALJ's DAA materiality analysis at step three is not supported by substantial

evidence in the record as a whole.[3]

The error by the ALJ at step three of the materiality analysis is outcome determinative, and

therefore, I decline to address Plaintiff's arguments pertaining to the remainder of the sequential

evaluation.

## II.    Remand

I have determined that the ALJ erred in evaluating Dr. Rawlins 2006 and 2007 opinions, and

omitting any discussion of the 2006 MRFC. Thus, I must determine whether to remand Plaintiff's

case to the agency for payment of benefits or for additional investigation or explanation.

Although a court should generally remand to the agency for additional investigation or

explanation, the court has discretion to remand for immediate payment of benefits. *Treichler v.*

*Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The Ninth Circuit precludes

---

[3] Plaintiff has not demonstrated that she equals the criteria for Listing 12.05C (mental retardation). Listing 12.05C requires Plaintiff to establish: (1) a valid verbal, performance, or full scale Intelligence Quotient ("IQ") of 60 through 70; and (2) a physical or mental impairment imposing an additional and significant work-related limitation of function. As the ALJ correctly indicated, none of the IQ scores in the record are low enough to meet or establish equivalency under Listing 12.05C. Tr. 340. Moreover, as the ALJ discussed, Plaintiff has not met her burden of demonstrating that she is dependent on others for personal needs, such as "toileting, eating, dressing, or bathing" and thus cannot establish "Paragraph A" of Listing 12.05. Finally, the record as whole supports the ALJ's determination that Plaintiff does not meet or equal Listing 12.05. The introductory section of Listing 12.05 requires evidence to show that Plaintiff's onset began prior to age 22. *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013); *Jones v. Colvin*, 149 F.Supp.3d 1251, 1260 (D. Or. 2016) (holding claimant must satisfy introductory paragraph to meet Listing 12.05). This requires evidence such as placement in special education, or a modified diploma. *Jones*, 149 F.Supp.3d at 1260. The record belies this contention. Here, Plaintiff does not have a history of special education, and there is evidence that she obtained good grades until seventh grade. Tr. 241, 282. Plaintiff dropped out of high school when she became pregnant at the age of 15, and later obtained a GED. Tr. 21. Accordingly, substantial evidence supports the ALJ's determination that she does not meet or equal Listing 12.05C at step three of the DAA materiality analysis.

the district court from remanding a case for an award of benefits unless certain prerequisites are met. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). The court must determine if the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Next, the court must review the record as a whole and determine whether it is fully developed and free of conflicts and ambiguities, and "all essential factual issues have been resolved." *Treichler,* 775 F.3d at 1101. Finally, the court must consider whether "the ALJ would be required to find the claimant disabled on remand" if the improperly discredited evidence were credited as true. *Garrison*, 759 F.3d at 1020; *Dominguez*, 808 F.3d at 407. If the above are satisfied, the court may exercise its discretion to remand the case for an award of benefits. *Dominguez*, 808 F.3d at 407.

Here, the first portion of the test is satisfied because the ALJ has failed to provide legally sufficient reasons for providing only limited weight to Dr. Rawlins' 2006 and 2007 opinions, and for ignoring his 2006 MRFC. Additionally, I find the second and third portions of the test are also satisfied. This case has been remanded previously, and four consultative psychodiagnostic examinations have been conducted; the record is fully developed. There are no outstanding factual issues that warrant further development. Fully crediting Dr. Rawlins' 2006 and 2007 opinions and 2006 MRFC, it is clear that as of Plaintiff's application date, she meets Listing 12.06. Likewise, when Dr. Rawlins' opinions are fully credited, it is clear that Plaintiff's alcoholism is not a contributing factor material to the disability determination because Dr. Rawlins' opinions establish that her co-occurring mental disorders will not improve to the point of nondisability when her alcoholism is absent. Finally, when the record is considered as a whole, I have no doubt that Plaintiff is disabled as of her application date in 2006, her disability has lasted for a continuous

21 - OPINION AND ORDER

period of not less than 12 months, and her alcoholism is not a contributing factor material to her disability. Whether Plaintiff's PTSD and other mental impairments have improved subsequently is not a question before me.[4]  Consequently, I exercise my discretion to remand this case for an immediate calculation and award of benefits.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this __11__ day of OCTOBER, 2016.

_Malcolm F. Marsh_
Malcolm F. Marsh
United States District Judge

---

[4] The court was not asked to consider or find a closed period of disability. Accordingly, whether Plaintiff has experienced medical improvement, such that she is no longer disabled under the Act, is not presently before me.