IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELISSA JO YOUNG,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

Defendant.

Case No. 1:15-cv-01688-MA

ORDER FOR EAJA FEES

MARSH, Judge

On October 11, 2016, the Court issued and Opinion and Order reversing the Commissioner's of Social Security ("the Commissioner") final decision, and remanding this case for an immediate payment of benefits. Op. & Order, ECF No. 19. On January 7, 2017, Plaintiff Melissa Jo Young requested an award of attorney fees in the amount of $15,269.26 for 79.7 hours of attorney time pursuant to the Equal Access to Justice Act ("EAJA'), 28 U.S.C. § 2412. Pl.'s Appl. for Fees, ECF No. 21. The Commissioner does not dispute that Plaintiff is entitled to fees, but contests the reasonableness of Plaintiff's request and seeks a reduction to 30 hours of attorney time. Def.'s

1 - ORDER FOR EAJA FEES

Resp., ECF No. 24. Plaintiff has filed a reply. Reply, ECF No. 25. For the reasons that follow, Plaintiff's application for fees is granted in part and denied in part.

## BACKGROUND

Plaintiff protectively filed an application for supplemental security income ("SSI") disability benefits alleging disability due to post-traumatic stress disorder ("PTSD"), hepatitis C, and pain in her foot, back, and head, and difficulty balancing. Plaintiff's application was denied initially and upon reconsideration. After a hearing, the ALJ issued an unfavorable hearing. Plaintiff appealed. Based on a stipulation by the parties, on September 13, 2013, the court entered an order reversing and remanding the case for further administrative proceedings, including that the ALJ undertake a drug abuse and alcoholism ("DAA") materiality analysis on remand. The Appeals Council directed the ALJ to update the record, conduct additional consultative examinations, reconsider medical opinions, reconsider lay testimony, and continue the sequential evaluation process, and if Plaintiff is found disabled, "determine whether alcoholism is a contributing factor material to the finding of disability." Tr. 415.

After consultative examinations and a new hearing were conducted, the ALJ issued a decision finding that Plaintiff is disabled because she meets or equals Listing 12.06 and 12.09. However, undertaking the DAA materiality analysis, the ALJ found Plaintiff has the residual functional capacity to perform a modified level of light work if the substance stopped. Accordingly, the ALJ determined Plaintiff's alcoholism is a contributing factor material to her disability determination, and therefore, she is not entitled to disability benefits. Op. & Order at 4-5.

On appeal to this court, I concluded that the ALJ erroneously evaluated the medical evidence at step three of the DAA materiality analysis. Specifically, I concluded that the ALJ erred in finding

that Plaintiff's Paragraph B limitations of Listing 12.06 would improve from "marked" to "moderate" in the absence of her substance abuse and failed to consider Dr. Rawlins' 2006 Mental Residual Functional Capacity Assessment. Additionally, I noted that the case "demonstrates the difficulty in disentangling a claimant's substance abuse from a co-occurring mental disorder, especially when there are limited or no periods of abstinence." Op. & Order at 19, ECF 19. I concluded that when Dr. Rawlins' 2006 and 2007 opinions were fully credited, Plaintiff's co-occurring metal disorder would not improve to the point of nondisability when her alcoholism is absent, and that therefore, her alcoholism is not a contributing factor material to her disability, and remanded the case for an immediate calculation of benefits.

As the prevailing party, Plaintiff filed the current application for fees under the EAJA. The Commissioner concedes that its position was not substantially justified, and the Court so finds. 28 U.S.C. § 2412(d)(1)(A-B). As the prevailing party, Plaintiff is entitled to a reasonable fee. The Commissioner contends that the amount of fees should be reduced because the amount is unreasonable and improperly includes duplicative time.

## DISCUSSION

### I. Standards

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a reasonable fee is the "lodestar method" or, the number of hours expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 434. Counsel for the prevailing party should exercise

3 - ORDER FOR EAJA FEES

good billing judgment, and eliminate from fee requests hours that are "'excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Costa*, 690 F.3d at 1135 (quoting *Hensley*, 461 U.S. at 434; *Moreno*, 534 F.3d at 1111.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The party opposing the fee request has the burden of rebuttal which requires the submission of evidence to challenge the accuracy and reasonableness of the hours charged. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433-34.

The amount of the fee award must be determined on the facts of each case. *Hensley*, 461 U.S. at 429. Assessing whether an attorney has spent a reasonable amount of time on a case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Costa*, 690 F.3d at 1136. While a court may not adopt *de facto* policy of restricting EAJA awards in social security cases to 40 hours or less, courts may consider EAJA awards in other cases as one of many factors in evaluating the reasonableness of a fee request, provided they explain why the amount of time requested for a particular task is too high. *Id.* The court may consider the fact that 20 to 40 hours is the range most often requested in social security cases, but the court may not limit attorney fee requests to 20 to 40 hours in "routine" cases. *Id. See also Stearns v. Colvin*, Case No. 3:14-cv-05611-JRC, 2016 WL 730301, *4 (W.D. Wash. Feb. 24, 2016) (reducing award by 10 hours to account for excessive time spent on case given complexity of issues and length of administrative

record). A district court has "substantial discretion in fixing the amount of an EAJA award." *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990).

## II.   Excessive Time, Inadequately Explained Entries, and Block Billing

Plaintiff seeks a total of $15,269.26 in attorney fees for 79.7 hours expended broken down as follows: $190.28 per hour for 6.5 hours expended in 2015 (4.5 hours by attorney Tim Wilborn and 2 hours by attorney Ralph Wilborn), $191.70 per hour for 73.2 hours expended in 2016 and 2017 (9.7 hours by Tim Wilborn and 63.5 hours by Ralph Wilborn). In this case, the Commissioner does not object to the hourly rate, and I note that the rates are within the statutory cap provided for under the EAJA, and that Plaintiff does not seek costs or expenses.

The Commissioner contends that 79.7 hours is excessive. The Commissioner argues the case was largely routine, and that the administrative record was of average length. Additionally, the Commissioner notes that Plaintiff's counsel is very experienced, and although the briefing involved issues of alcoholism, some of the arguments presented did not result in tangible benefits for Plaintiff.

Without question, the total requested time of 79.7 hours far exceeds that awarded in most social security disability cases before me. Here, Attorney Ralph Wilborn seeks compensation for 38 hours to review the administrative record and prepare the Plaintiff's Opening Brief, and another 25.5 hours to prepare Plaintiff's Reply Brief. Attorney Tim Wilborn seeks compensation for another 14.2 hours to edit the Opening and Reply Briefs and correspond with the Commissioner, Plaintiff, and the court.

In Plaintiff's 27-page Opening Brief, she asserted five issues, most of which routinely appear before me in social security disability cases – listing equivalency, credibility, evaluation of medical evidence, and lay testimony. Additionally, the transcript in this case was of average length at 537

5 - ORDER FOR EAJA FEES

pages. *See Kelly v. Comm'r Soc. Sec. Admin.*, Case No. 1:15-cv-00762-MA, 2016 WL 4941996, *2-3 (Sept. 15, 2016) (noting that 463-page transcript was of average length); *Brooks v. Colvin*, Case NO. 3:15-cv-05207-DWC, 2016 WL 4061573, *4 (W.D. Wash. July 28, 2016) (noting 605-page transcript was not unusually large). And, I note that Plaintiff's attorneys are very experienced and appear with regularity before me and in the District of Oregon. *Kelly*, 2016 WL 4941996 at *3.

Yet, as Plaintiff's correctly indicates, her challenge to the ALJ's DAA materiality analysis was both novel and complex. Here, resolution of the case involved interpretation of a fairly recent social security ruling, SSR 13-2p, and subsections involving co-occurring mental disorders and periods of abstinence. Indeed, the DAA materiality analysis and its interplay with SSR 13-02p(7) and (9), and evaluation of the relevant medical opinions was challenging and could be expected to require additional research, writing, and briefing.

The difficulty for the court, however, is the limited description for the vast majority of tasks and block billed format of Attorney Ralph Wilborn's hours in drafting the Briefs. "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, No. CV 08-340-MA, 2011 WL 2413996, at *5 (D. Or. June 8, 2011). While "the fee applicant bears the burden of submitting 'evidence supporting the hours worked and the rates claimed,' counsel is 'not required to record in great detail how each minute of his time was expended.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir.2000) (quoting *Hensley*, 461 U.S. at 437 n. 12.). Thus, rather than refusing to award fees where documentation is insufficient because of block-billing, the court has the discretion to "simply reduce[ ] the fee to a reasonable amount." *Id.* (citing *Hensley*, 461 U.S. at 433 for the proposition that a district court can "reduce" the fee award where the documentation is inadequate).

6 - ORDER FOR EAJA FEES

Here, the only entry in Attorney Ralph Wilborn's billing records that specifically details time spent on SSR 13-2p and the DAA materiality analysis issues is 5 hours on August 14, 2016 in advance of drafting Plaintiff's Reply Brief. Pl's Ex. 1 at 3, ECF 21-1. To be sure, the bulk of Plaintiff's arguments concerning the ALJ's errors surrounding SSR 13-2p and the DAA materiality analysis are contained in Plaintiff's 15-page Reply Brief. The issues set forth in the Reply were difficult and not routinely encountered by the court and counsel's Reply briefing was helpful in obtaining a successful resolution for Plaintiff. Therefore, I conclude that the 25.5 hours in researching and preparing the Reply Brief requested by Mr. Wilborn is not excessive in this instance.

However, the same is not true for the Opening Brief. Attorney Ralph Wilborn seeks compensation for approximately 16 hours to review the administrative transcript and 22 hours to draft the Opening Brief. Attorney Tim Wilborn seeks another 4 hours to write the Opening Brief. This results in a total of 42 hours to prepare the 27-page Opening Brief where none of the time is broken down by discrete task or issue, but instead is block-billed. For example, in support of the requested fees, Ralph Wilborn provides that on March 21, 2016, he spent 8 hours to "Read and analyze the ALJ's decision. Partially read and analyze the 537-page administrative record and outline potential issues and facts relevant to the opening brief arguments." Pl. Ex. 1 at 3, ECF No. 21-1. The following day, Mr. Wilborn indicates he spent 8 hours to "Complete reading and analysis of the administrative record, and partially research and draft Plaintiff's opening argument." *Id.* On March 23, 2016, Mr. Wilborn indicates that he spent 12 hours to "Continue researching and drafting Plaintiff's opening brief." *Id.* Likewise, Tim Wilborn inadequately describes 4 hours of requested time to "Assist with writing Opening Brief." Pl.'s Ex. 1 at 1, ECF No. 21-1.

Again, four of the five issues in Plaintiff's Opening Brief are routinely addressed in social security disability cases and should require less time for experienced attorneys to research and argue. Examining the Opening Brief itself does not aid in establishing how much time was spent on discrete issues. Indeed, nearly half the Opening Brief discusses the case background and medical records, with greater portions of the brief devoted to routine issues such as credibility, lay testimony, and listing equivalency than the ALJ's faulty DAA materiality analysis. Additionally, as the Commissioner correctly highlights and as I noted in the Opinion and Order, there was absolutely no record support for Plaintiff's argument that she established equivalency to Listing 12.05C, an argument such experienced counsel should have readily winnowed. Op. & Order at 20 n.3. Given the lack of details in the attorneys' entries, the court is unable to parse out the unnecessary time. Therefore, I agree with the Commissioner that the 42 requested hours to prepare the Opening Brief was excessive. Consequently, I find that applying a 25 percent reduction to the requested time for the Opening Brief reasonably accounts for the excessive time, inadequately described tasks, and block-billing. *See Irwin v. Astrue*, No. CV-10-545-HZ, 2011 WL 5865938, *4 (D. Or. Nov. 22, 2011) (applying a 25 percent reduction for block-billed time); *Downey v. Astrue*, No. 1:09-cv-00812-SKO, 2012 WL 1205824 *15 (E.D. Cal. Apr. 11, 2012) (reducing Ralph Wilborn's time for block-billing). This results in a reduction of 9.5 hours from Attorney Ralph Wilborn (38 hours x .25 = 9.5) and 1 hour from Attorney Tim Wilborn's (4 hours x .25 = 1) requested 2016 time.

## II.     Clerical Tasks

Additionally, Plaintiff's fee request inappropriately includes time for clerical tasks performed by attorney Tim Wilborn in 2015. It is well-settled that the court may reduce an attorney's hours for time spent performing clerical work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) (noting

the dollar value of non-legal work "is not enhanced" because it is performed by a lawyer); *Neil v. Comm'r Soc. Sec. Admin.*, 495 F. App'x 845, 847 (9th Cir. 2012) (affirming reductions for clerical tasks such as preparing and serving summons); *Brandt v. Astrue*, Civ. No. 08-0658-TC, 2009 WL 1727472, *4 (D. Or. June 16, 2009) (finding that attorney time spent drafting and serving summons was non-compensable clerical work). I find the following tasks related to service to be primarily clerical in nature:

| | | |
|---|---|---|
| 9/14/15 | Review IFP order | .1 |
| 9/15/15 | review "issued" summons | .1 |
| 9/15/15 | Draft letter with documents to effect service | .2 |
| 9/25/15 | Review all 3 service returns | .1 |
| 9/26/15 | Prepare documents to allege service via ECF | .3 |

Pl.'s Ex. 1, ECR No. 21-1. Accordingly, I deduct .8 hours from Tim Wilborn's requested 2015 time.

In summary, I find that 68.4 hours is reasonable under the EAJA. Therefore, Plaintiff is entitled to an award of $13,104.19 (5.7 hours (TW 4.5 - .80 + RW 2.0) in 2015 x $190.28 = $1,084.60 plus 62.7 hours (TW 9.7 -1.0 + RW 63.5 - 9.5) in 2016-2017 x $191.70 = $12,019.59).

////

////

////

////

////

////

////

////

////

## CONCLUSION

For the reasons stated above, Plaintiff's Application for Fees Pursuant to EAJA (ECF No. 21), is GRANTED in part and DENIED in part. Plaintiff is awarded $13,104.19 in fees pursuant to the EAJA. Consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this 24 day of FEBRUARY, 2017.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge